UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:20-cv-01534-CSH |
| YALE UNIVERSITY, | ) ) ) | |
| Defendant, | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

Proposed Plaintiff-Intervenor Students for Fair Admissions, Inc. ("SFFA") moves to intervene as a plaintiff in this case. SFFA is the leading organization in this country fighting for students' right to be free of racial discrimination in the college admissions process. In recent years, SFFA has brought high profile lawsuits against Harvard, the University of North Carolina, and the University of Texas at Austin, challenging their use of race in the admissions process. SFFA is a nonprofit membership group of more than 20,000 students, parents, and others who believe that racial classifications and preferences in college admissions are unfair, unnecessary, and unconstitutional.

At least one of SFFA's members was denied admission to Yale's 2020 entering class on account of his race. This applicant is ready and able to apply to transfer to Yale when it stops discriminating against applicants on the basis of race and ethnicity. SFFA seeks to intervene in this case to protect the rights of this applicant and SFFA's other members. Because SFFA is entitled to intervention as of right and, alternatively, permissive intervention, the Court should grant SFFA's motion to intervene.

1

**BACKGROUND**

SFFA is an Internal Revenue Code Section 501(c)(3), voluntary membership organization formed for the purpose of defending human and civil rights secured by law, including the right of individuals to equal protection under the law, through litigation and other lawful means. Blum Dec. ¶ 2. More specifically, SFFA promotes and protects the right of the public to be free from discrimination on the basis of race in higher-education admissions. *Id.* SFFA's membership includes more than 20,000 students, parents, and others who believe that racial classifications and preferences in college admissions are unfair, unnecessary, and unconstitutional. *Id.* ¶ 3. SFFA has members throughout the country. *Id.*

SFFA has at least one member ("Applicant") who applied for and was denied admission to Yale's 2020 entering class. Blum Dec. ¶ 4. The Applicant is Asian-American. *Id.* ¶ 5. As the United States' investigation into Yale shows, the Applicant was denied the opportunity to compete for admission to Yale on equal footing with other applicants on the basis of race or ethnicity. That is because, among other reasons, Yale discriminates against Asian-American and White applicants at "virtually every step of its admissions process," including the admissions decisions themselves. U.S. Compl. ¶¶ 165-80. The Applicant is ready and able to apply to transfer to Yale when it stops discriminating against applicants on the basis of race and ethnicity. Blum Dec. ¶ 7.

SFFA is the leading organization in the country seeking to end racial discrimination in higher education. In November 2014, SFFA sued Harvard University under Title VI of the Civil Rights Act. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll. (Harvard Corp.)*, 397 F. Supp. 3d 126, 132 (D. Mass. 2019). SFFA, like the United States here, uncovered longstanding discrimination against Asian Americans in the admissions process. SFFA also found that Harvard used race as more than a "plus" factor, engaged in racial balancing, and failed to employ race-neutral alternatives. Although the trial court ruled for Harvard, this case is

currently on appeal. *See id.* SFFA also brought suit against the University of North Carolina at Chapel Hill, challenging the university's use of race in the admissions process. *See Students for Fair Admissions, Inc. v. Univ. of N.C.*, No. 1:14-cv-954-LCB-JLW (M.D.N.C. 2014). This case will go to trial on November 9, 2020. And, in July of 2020, SFFA filed suit against the University of Texas at Austin, bringing similar claims against the university's race-based admissions process. *See Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, No. 1:20-cv-763 (W.D. Tex. 2020).

SFFA moves to intervene in this case to continue its fight for racial equality in educational admissions and to protect the rights of its members. In its proposed complaint, SFFA raises six claims: (1) intentional discrimination, (2) racial balancing, (3) using race as more than a mere "plus factor," (4) using race for more than filling the "last few" seats in an entering class, (5) failing to use race-neutral alternatives, and (6) unlawfully using race as a factor in admissions. SFFA Compl. ¶¶ 205-64, a-f. SFFA seeks, *inter alia*, a declaratory judgment that Yale's admissions policies and procedures violate Title VI and an injunction prohibiting Yale from using race as a factor in future admissions decisions. *Id.*

## ARGUMENT

The Federal Rules of Civil Procedure provide for "intervention of right" under Rule 24(a) and "permissive intervention" under Rule 24(b). SFFA satisfies both standards.

### I. SFFA is entitled to intervene as of right.

The district court must grant a plaintiff's motion to intervene under Rule 24(a)(2) if "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;

3

and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016). SFFA meets all four requirements.

### A. SFFA's motion is timely.

SFFA's motion is "timely" because it was filed less than three weeks after the United States filed this complaint. Yale has not answered or moved to dismiss the complaint, and no discovery has occurred. SFFA moved expeditiously to file this motion, and permitting SFFA to intervene will not prejudice any party. SFFA's motion is timely. *See, e.g.*, *Am. S.S. Owners Mut. Prot. and Indem. Ass'n., Inc. v. Alcoa S.S. Co.*, 2005 WL 427593, at *4 (S.D.N.Y. Feb. 22, 2005) ("There is no dispute that the motion to intervene is timely, having been filed only a few months after the Club filed its complaint in this multi-party action.").

### B. SFFA has an interest in this action.

A party has a right to intervene if it "claims an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). This interest is sufficient for intervention if it is "'direct, substantial, and legally protectable,'" as opposed to "remote from the subject matter of the proceeding, or … contingent upon the occurrence of a sequence of events before it becomes colorable." *Brennan v. N.Y. City Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).

SFFA satisfies this requirement too. SFFA is a nonprofit membership group of more than 20,000 students, parents, and others who believe that racial classifications and preferences in college admissions are unfair, unnecessary, and unconstitutional. Blum Dec. ¶ 3. SFFA has at least one member who applied for and was denied admission to Yale's 2020 entering class. *Id.* ¶ 4. This applicant is ready and able to apply to transfer to Yale when it stops discriminating against applicants on the basis of race and ethnicity. *Id.* ¶ 7. SFFA seeks, *inter alia*, a permanent injunction prohibiting Yale from using race as a factor in future admissions decisions. *See* SFFA Compl.

¶¶ 205-64, a-f. A judgment against Yale could allow SFFA's members to compete for admission to Yale on equal footing with other applicants. SFFA thus has a strong interest in remedying the harm that Yale's discrimination has caused to its members. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) (associations can bring suits on behalf of their members); *see, e.g., Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll. (Harvard Corp.)*, 397 F. Supp. 3d 126, 132 (D. Mass. 2019) (SFFA lawsuit against Harvard for racial discrimination in the admissions process).

      **C.**    **SFFA's interest may be impaired without intervention.**

A party has a right to intervene if it "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a). SFFA satisfies this requirement because SFFA's ability to protect its interests would be impaired or impeded by an adverse decision in this case.

If Yale prevails in this case, the decision could form precedent that could perpetuate Yale's discrimination against SFFA's members and prevent SFFA from bringing a future lawsuit to protect its members from that discrimination. This potential precedential effect is sufficient to warrant intervention as of right. *See Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 21 (E.D.N.Y. 1996) ("[T]he *stare decisis* effect of a court's decision is sufficient to demonstrate the requisite impairment of an interest to support a motion to intervene."); *N.Y. Pub. Interest Research Grp., Inc. v. Regents of the Univ. of the State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 2000) (same). At a minimum, "[t]he reality is that [SFFA] would at least find itself waging an uphill battle" to challenge an admissions process that had already been upheld as constitutional. *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 162 (S.D.N.Y. 2000). SFFA's interest thus may be impaired without intervention.

### D. SFFA's interest will not be adequately protected by the parties to the action.

A party has a right to intervene if "existing parties" may not "adequately represent" the intervenor's interest. Fed. R. Civ. P. 24(a). SFFA meets this requirement as well. Although both the United States and SFFA seek a declaratory judgment and injunction prohibiting Yale from continuing its racial discrimination under Title VI, SFFA has a unique interest in the outcome. The United States has sued, in part, to ensure that "'public dollars, drawn from the tax contributions of all citizens, do not serve to finance the evil of private prejudice.'" U.S. Compl. ¶ 1 (quoting *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 492 (1989) (plurality opinion)). SFFA, by contrast, seeks to protect *its members*' rights to be free of racial discrimination in the admissions process when applying to Yale. *See, e.g., Schaghticoke Tribal Nation v. Norton*, No. 3:06CV81 (PCD), 2006 WL 1752384, at *6 (D. Conn. June 14, 2006) ("[I]nadequate representation by the [f]ederal [government] is more likely to be found if the Movant[] assert[s] a personal interest that does not belong to the general public.") (cleaned up).

Moreover, unlike the United States, SFFA seeks a broader injunction prohibiting Yale from *ever* using race as a factor in admissions decisions. *See* SFFA Compl. ¶¶ 250-64. This too supports intervention. *See, e.g., Schaghticoke Tribal Nation*, 2006 WL 1752384, at *7 (D. Conn. June 14, 2006) (government does not provide adequate representation if it has not "demonstrated sufficient motivation to … present all colorable contentions"); *Ctr. for Biological Diversity v. Zinke*, No. CV-18-00047-TUC-JGZ, 2018 WL 3497081, at *4 (D. Ariz. July 20, 2018) (government does not provide adequate representation if it will not "undoubtedly make all the intervenor's arguments," is not "capable and willing to make such arguments," or "would neglect" elements raised by intervenor). Because the United States and SFFA do not have a complete "congruence of interests," there is inadequate representation. *Brennan*, 260 F.3d at 133.

6

**II.      Alternatively, SFFA should be allowed to permissively intervene.**

SFFA is also entitled to permissive intervention. Permissive intervention under Rule 24(b) is "discretionary with the trial court." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). A district court may grant a motion for permissive intervention if the application is timely and if the "'applicant's claim or defense and the main action have a question of law or fact in common.'" *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (quoting Fed. R. Civ. P. 24(b)(2)). The court also must consider "whether granting permissive intervention 'will unduly delay or prejudice the adjudication of the rights of the existing parties.'" *Id*. (quoting Fed. R. Civ. P. 24(b)(2)). SFFA satisfies these requirements.

*First*, as explained above, SFFA's motion is timely. It was filed less than three weeks after the United States filed its complaint. No answer or motion to dismiss has been filed and no discovery has occurred. *See supra* 4.

*Second*, SFFA's claims share with the main action common questions of law or fact. If SFFA were to bring its own lawsuit challenging Yale's admissions process, its lawsuit would implicate the precise facts at issue here. SFFA's discovery would involve, among other things, reviewing admissions files and databases, deposing admissions officers and university leaders, and putting forth expert witnesses to analyze Yale's admissions outcomes. *See generally SFFA v. Harvard*, 397 F. Supp. 3d at 133-83 (describing facts and witnesses concerning Harvard's admissions process). SFFA, like the United States, also brings claims against Yale under Title VI. *See* SFFA Compl. ¶¶ 205-64.

*Finally*, granting permissive intervention to SFFA will not "unduly delay or prejudice the adjudication of the original parties' rights." To the contrary, considerations of judicial economy weigh in favor of intervention. "The purpose of … intervention is to prevent a multiplicity of suits where common questions of law or fact are involved." *Wash. Elec. Co-op., Inc. v. Mass. Mun.*

7

*Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *see, e.g.*, *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) ("Intervention … attempts to … efficiently administrat[e] legal disputes by resolving all related issues in one lawsuit."). If SFFA is not granted intervention, it would be forced to file its own separate lawsuit against Yale, creating additional litigation and burdens for all parties and this Court. Permissive intervention is designed to prevent this "multiplicity of suits." *Wash. Elec. Co-op., Inc.*, 922 F.2d at 97; *see, e.g., Golden Ins. Co. v. PCF State Restorations, Inc.*, No. 17-CV-5390 (BCM), 2018 WL 10593630, at *7 (S.D.N.Y. May 11, 2018) (intervention warranted in light of "overarching considerations of economy and efficiency that undergird … permissive intervention"); *Nu-Chem Labs., Inc. v. Dynamic Labs., Inc.*, No. 96-CV-5886 (JS), 1998 WL 35180780, at *4 (E.D.N.Y. May 19, 1998) (same). Thus, at a minimum, SFFA should be granted permissive intervention.

## CONCLUSION

    For the foregoing reasons, the motion to intervene should be granted.

Respectfully submitted,

Dated: October 27, 2020

/s/    *J. Michael Connolly*

William S. Consovoy*
J. Michael Connolly (CT29695)
Steven C. Begakis*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
steven@consovoymccarthy.com

*Counsel for Students for Fair Admissions, Inc.*

**Pro hac vice* motion forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record for the United States via the Court's electronic filing and service on October 27, 2020. A true and correct copy of the foregoing has been served on Yale University via UPS overnight at the addresses below on October 27, 2020:

Yale University
Office of General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT 06510

Peter S. Spivack
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

/s/   *J. Michael Connolly*

J. Michael Connolly

*Counsel for Students for Fair Admissions, Inc.*