IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY,<br><br>Defendant. | Civil Action No. 3:20-cv-01534-CSH |

**MOTION FOR EXTENSION OF TIME TO FILE AND TO CONFER**

Defendant Yale University moves under Fed. R. Civ. P. 6(b)(1)(A) and D. Conn. Local R. Civ. P. 7(b) to delay both the deadlines to respond to Plaintiff's Complaint and to confer pursuant to Fed. R. Civ. P. 26(f) until 30 days after the Court decides the pending Motion to Intervene. *See* Dkt. 5. A delay will allow this Court to first answer a threshold question—who the parties to this suit are—before the Defendant files an Answer or Motion to Dismiss. And holding off on the Rule 26(f) conference would give the parties greater clarity about the scope of discovery and the discovery plan for the case. In the alternative, Defendant requests a 45-day extension of time to file an Answer or Motion to Dismiss and a 45-day extension for the Rule 26(f) conference, in light of counsel's upcoming deadlines in other matters.

1. The United States filed its Complaint on October 8, 2020. Dkt. 1.

2. Defendant's Answer or Motion to Dismiss is currently due on December 8, 2020. The parties must confer pursuant to Fed. R. Civ. P. 26(f) by approximately December 14, 2020 and file a report by approximately December 28, 2020.

3. On October 27, 2020, Students for Fair Admissions, Inc. (SFFA) filed a motion to intervene. Dkt. 5. Yale filed a Response opposing SFFA's intervention on November 17, 2020. Dkt. 23.

4. There is good cause for these requested extensions.

5. *First*, extending the deadline to respond to the Complaint will further judicial economy by allowing the Court to rule on SFFA's motion to intervene, potentially narrowing the precise issues to which Yale will respond.  SFFA's putative intervention raises additional legal questions not otherwise presented in the United States' Complaint—for instance, whether SFFA possesses Article III standing.  It is more efficient to allow this Court to first decide SFFA's motion, defining the scope of this dispute, and only subsequently address Yale's Motion to Dismiss.

6. *Second*, it is similarly efficient to extend the deadline for the Rule 26(f) conference until after the Court determines the parties to this suit.  Whether SFFA becomes a Plaintiff-Intervenor will substantially affect the course of discovery.  Prior to the start of this lawsuit, the United States and Yale engaged in extensive discovery in a pre-suit Title VI investigation.  Yale has already voluntarily provided the United States with over 14,000 pages of documents, three years of applicant data, and more than one hundred complete application files based on the Government's sample criteria.  Additionally, Yale employees sat for four interviews, and Yale responded to the Government's questions with more than 50 pages of detailed, written answers.  Although the Government may conduct further discovery in this case, it will not start from scratch.  By contrast, SFFA does not have the same head start.  Thus, while the scope of discovery will ultimately be determined under the Federal Rules of Civil Procedure, this Court's decision regarding whether SFFA is in or out of this suit will necessarily inform the pace and scope of discovery, as well as whether SFFA may have the right to obtain production of some of the materials previously produced to the Government.  An extension would allow this Court to first decide SFFA's Motion to Intervene, and then permit the parties to confer about next steps.

7. *Third*, in the alternative, Defendant requests a 45-day extension to file an Answer or Motion to Dismiss and to hold the Rule 26(f) conference.  Counsel for Defendant has several other upcoming deadlines, including: (i) a brief in opposition in *Bridge Aina Le'a v. Hawaii Land Use Commission*, No. 20-54 (U.S.), due on November 25, 2020; (ii) a brief in opposition in *City of Miami Gardens v. Well Fargo & Co., et al.*, No. 20-405 (U.S.), due on November 30; (ii) oral argument in *Nestlé USA, Inc. v. John Doe I*, No. 19-416 (U.S.), on December 1, 2020; (iv) a reply in support of a motion dismiss in *Association for Education Fairness v. Montgomery County Board of Education*, No. 8:20-cv-02540-PX (D. Md.), due on December 8, 2019; (v) a reply in support of a motion to dismiss in *Doe v. Apple Inc.*, No. 19-cv-3737 (D.D.C.), due on December 18, 2020; (vi) a petition for certiorari in *Larson v. Saul*, No. 18-35985 (9th Cir.), due on December 18; (vii) a reply in *Assured Guaranty Corp. v. Commonwealth of Puerto Rico*, No. 20-1930 (1st Cir.), due on December 21, 2020; (viii) a petition for certiorari in *Independent School District No. 283 v. EMDH*, Nos. 19-1269, 19-1336 (8th Cir.), due on January 4, 2021; (ix) a response in *Federal Trade Commission v. Credit Bureau Center* No. 19-825 (U.S.), due on December 30, 2020, with oral argument in the same case sometime in January 2021; (x) a response in *Barr v. Alcaraz-Enriquez*, No. 19-1156 (U.S.), due on December 16, 2020, with oral argument in the same case sometime in January 2021; and (xi) a trial in *United States v. Lei Gao, et al.*, (S.D. Tex.) on January 12, 2021.

8. An alternative, 45-day extension would make Defendant's Answer or Motion to Dismiss due on January 22, 2021.  An alternative, 45-day extension would mean the parties would meet for a Rule 26(f) conference by January 27, 2021 and file a report by February 10, 2021.

9. This is Defendants' first request for an extension of time to respond to Plaintiff's Complaint and to confer pursuant to Fed. R. Civ. P. 26(f).

10. Counsel for Defendant has contacted counsel for Plaintiff and for the putative Plaintiff-Intervenor regarding this motion. Plaintiff does not object to a set 45-day extension for filing an Answer or Motion to Dismiss or for holding the 26(f) conference, but objects to a longer delay tied to a decision on the pending Motion to Intervene. Plaintiff and Defendant have agreed to some early discovery productions to minimize the impact of a 45-day delay to the 26(f) conference. Putative Plaintiff-Intervenor takes no position with respect to the motion.

WHEREFORE, Defendant respectfully requests that the Court grant the motion to extend the deadlines to respond to Plaintiff's Complaint and to confer pursuant to Fed. R. Civ. P. 26(f) until 30 days after the Court decides the pending Motion to Intervene or, in the alternative, to extend the deadlines to respond to Plaintiff's Complaint and to confer pursuant to Fed. R. Civ. P. 26(f) by 45 days. A proposed order and alternative proposed order are attached to this motion.

Respectfully Submitted,

/s/ Neal Kumar Katyal

| | |
|---|---|
| Christopher F. Droney (ct00020) | Neal Kumar Katyal (*pro hac vice*) |
| Erick M. Sandler (ct25029) | Peter S. Spivack (*pro hac vice*) |
| Sara J. van Vliet (ct30690) | Michael J. Zubrow (*pro hac vice*) |
| DAY PITNEY LLP | Jo-Ann Tamila Sagar* (*pro hac vice*) |
| 242 Trumbull Street | Sundeep Iyer (*pro hac vice*) |
| Hartford, CT  06103 | Hogan Lovells, US LLP |
| Telephone: (860) 275-0100 | 555 Thirteenth Street, N.W. |
| Fax: (860) 967-0793 | Washington, DC 20004 |
| cdroney@daypitney.com | (202) 637-5600 |
| emsandler@daypitney.com | neal.katyal@hoganlovells.com |
| svanvliet@daypitney.com | peter.spivack@hoganlovells.com |
| | michael.zubrow@hoganlovells.com |
| | jo-ann.sagar@hoganlovells.com |
| | sundeep.iyer@hoganlovells.com |

*Admitted only in New York; supervised by firm members in the District of Columbia.

Counsel for Defendant Yale University

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of November, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

/s/ Erick M. Sandler<br>
Erick M. Sandler

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>YALE UNIVERSITY,<br><br>  Defendant. | Civil Action No. 3:20-cv-01534-CSH |

**[PROPOSED] ORDER EXTENDING TIME TO FILE AND TO CONFER**

Upon consideration of the Motion for Extension of Time to File and to Confer filed by Defendant Yale University, and for good cause shown, it is ORDERED that the Motion is granted; it is FURTHER ORDERED that the deadline for Defendant to answer, move or otherwise respond to Plaintiff's Complaint is extended until 30 days after this Court decides the pending Motion to Intervene; it is FURTHER ORDERED that the parties shall confer pursuant to Fed. R. Civ. P. 26(f) 30 days after this Court decides the pending Motion to Intervene.

**SO ORDERED.**

Dated: _____, 2020

_____
Honorable Charles S. Haight, Jr
U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 3:20-cv-01534-CSH |
| YALE UNIVERSITY, | |
| Defendant. | |

**[ALTERNATIVE PROPOSED] ORDER EXTENDING TIME TO FILE AND TO CONFER**

Upon consideration of the Motion for Extension of Time to File and to Confer filed by Defendant Yale University, and for good cause shown, it is ORDERED that the Motion is granted; it is FURTHER ORDERED that the deadline for Defendant to Answer, move or otherwise respond to Plaintiff's Complaint is extended by 45 days such that Defendant must answer, move or otherwise respond to Plaintiff's Complaint by January 22, 2021; it is FURTHER ORDERED that the deadline for conferring pursuant to Fed. R. Civ. P. 26(f) is extended by 45 days such that the Rule 26(f) conference shall be held by January 27, 2021.

**SO ORDERED.**

Dated: _____, 2020                             _____
                                                                                    Honorable Charles S. Haight, Jr
                                                                                    U.S. District Court Judge