


1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

January 4, 2021

**Via CM/ECF**

Hon. Charles S. Haight Jr.
Richard C. Lee United States Courthouse
141 Church Street
New Haven, CT 06510

**Re: Yale's letter concerning SFFA's opposition to the students' intervention in *SFFA v. University of Texas at Austin* (W.D. Tex.)**

Dear Judge Haight:

In its December 31 letter, Yale notes something not noteworthy: that SFFA, in its lawsuit against UT-Austin, opposed a motion to intervene filed by several student groups. Similar groups (with similar lawyers) also moved to intervene in SFFA's cases against Harvard and UNC, and SFFA opposed their intervention too. If similar students try to intervene here, SFFA will oppose their intervention again.

That various students should be denied intervention in other cases does not mean that SFFA should be denied intervention here. In the UT case, the students want to become defendants, have no valid claims or interests of their own, seek to defend a policy that the university is already defending, raise only background arguments that could be presented in an *amicus* brief, and waited too long to file their motion. *See* Yale-Ltr. (Doc. 46) 5-15. Unlike SFFA, those movants did not timely move to become *plaintiffs* to assert standalone federal *claims* that they could also raise in an *independent lawsuit*.

Far from a "non sequitur," Yale-Ltr. 2, this distinction is crucial. Denying SFFA's motion will not decrease discovery or streamline scheduling. *Cf. id.* It will force SFFA to file its own lawsuit, seeking all the same discovery with the added inefficiencies of dual-track litigation. Nor could SFFA simply file an *amicus* brief or rely on the Government to represent its private interests. *Cf. id.* SFFA has individual claims for relief that it cannot assert without becoming a party.

Yale's continued desire to defend against two lawsuits instead of one is puzzling. Yale dismisses the upsides of intervention, claiming that the benefits of preventing "parallel" litigation are "almost always" present in cases involving would-be plaintiffs. Yale-Ltr. 2. But these benefits are *not* almost always present, which is why Yale cites no cases where they were. In the one case it does cite, the movant wanted to be a defendant (not a plaintiff), the movant asserted no claims of its own, and parallel litigation was not

threatened because the underlying suit had settled and any parallel claims were time-barred. *See United States v. City of New York*, 198 F.3d 360, 364-66 (2d Cir. 1999).

Directly contrary to Yale's letter, courts agree that "[*t*]*he purpose* of the rule allowing intervention is to prevent a multiplicity of suits." *EEOC v. Regis Corp.*, 2001 WL 1911025, at *1 (N.D. Ill. Jan. 17, 2001) (emphasis added) (quoting *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). That is why courts often cite the fact that a movant could initiate a parallel lawsuit as a reason to grant intervention. *See, e.g.*, *id.*; *Eclipse Grp. LLP v. Target Corp.*, 2016 WL 4917112, at *3 (S.D. Cal. Sept. 15, 2016); *League of Women Voters of N.C. v. North Carolina*, 2014 WL 12770081, at *3 (M.D.N.C. Jan. 27, 2014). The '"benefits derived"' from turning two lawsuits into one are "a factor favoring intervention as a matter of right." *City of Chicago v. FEMA*, 660 F.3d 980, 986 (7th Cir. 2011) (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970 (3d Cir. 1998)). And those benefits are *decisive* for permissive intervention. *See id.* at 986-87 (reversing a denial of permissive intervention in similar circumstances).

SFFA should be allowed to intervene here, even if the UT movants should be denied intervention under much different circumstances. SFFA respectfully asks the Court to grant its motion to intervene.

Respectfully submitted,

*/s/ Cameron T. Norris*
Counsel for Students for Fair Admissions, Inc.